## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BLOOMBERG INDUSTRY GROUP,** | ) |
| 1801 S. Bell St | ) |
| Arlington, VA 22202 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **INTERNAL REVENUE SERVICE**, | ) |
| 1111 Constitution Ave., NW | ) |
| Washington, DC 20224 | ) |
| | ) |
| **U.S. DEPARTMENT OF THE TREASURY,** | ) |
| 1500 Pennsylvania Avenue, NW | ) |
| Washington, D.C. 20220 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1.      Plaintiff BLOOMBERG INDUSTRY GROUP brings this suit to force Defendants INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY to conduct a reasonable search, issue a determination, and produce the last 50 emails sent and received by former IRS Commissioner Billy Long prior to his departure.

## PARTIES

2.      Plaintiff BLOOMBERG INDUSTRY GROUP empowers professionals managing legal, tax and government affairs to help their clients and organizations navigate highly complex environments.  BLOOMBERG INDUSTRY GROUP made the FOIA request at issue in this case.

3.      Defendant INTERNAL REVENUE SERVICE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.      Defendant U.S. DEPARTMENT OF THE TREASURY is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  TREASURY is the parent agency of IRS.

## JURISDICTION AND VENUE

5.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

6.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## OCTOBER 1, 2025 FOIA REQUEST TO IRS

7.      On October 1, 2025, Plaintiff submitted a FOIA request to IRS seeking the last 50 emails after June 16, 2025, and before August 15, 2025, that were sent or received by IRS employee, Billy Long, Commissioner, including the full email exchange from any responsive records and any attachments or associated files.

8.      On October 3, 2025, IRS acknowledged receipt of the FOIA request and provided an estimated date of completion of October 1, 2025.

9.      A true and correct copy of the acknowledgement letter, quoting the FOIA request, is attached as Exhibit 1.

10.     On October 6, 2025, IRS issued an interim response claiming that it "cannot determine what, is anything, may be responsive to [the] request" and that it was unable to process the request because it did not "reasonably describe" the records.

11.     A true and correct copy of the correspondence is attached as Exhibit 2.

12.     On October 8, 2025, Plaintiff sent an email disputing IRS' interim response, stating that the request sought a small number of emails from a Senate-confirmed employee within a narrow date range.  Plaintiff nonetheless offered to confer with IRS to narrow the scope of the request.

13. A true and correct copy of the correspondence is included in Exhibit 3.

14. On October 8, 2025, Plaintiff sent a second follow-up message to IRS clarifying that the FOIA request sought "emails from the personal IRS work email for Billy Long." *Id.*

15. On November 14, 2025, IRS stated that it "would be very helpful" if Plaintiff, "for example, identify a subject matter and/or specific persons indicated" in the requested records. *Id.*

16. Plaintiff did not respond to IRS' request to "identify a subject matter and/or specific persons" given that both the original FOIA request and Plaintiff's most recent email to IRS both clearly designate Billy Long as the custodian of responsive records.

17. On December 8, 2025, IRS sought an additional ten business days to respond to the request, and stated that it "will still be unable to respond to [Plaintiff[ by the extended statutory response date," adding that it would notify Plaintiff "in writing" if it is unable to complete the request by April 3, 2026.

18. A true and correct copy of the correspondence is attached as Exhibit 4.

19. On February 3, 2026, Plaintiff asked IRS to clarify why the request had not been fulfilled.

20. A true and correct copy of the correspondence is included in Exhibit 5.

21. On February 4, 2026, IRS stated that it was "still processing" the request. *Id.*

22. On February 6, 2026, Plaintiff asked if records would be produced before April 3, 2026. *Id.*

23. On February 9, 2026, IRS replied, "Please, [Plaintiff]; we are working towards April." *Id.*

24. On May 28, 2026, IRS sought additional time to search for, collect, and review the responsive records and stated that, "[i]f we are unable to complete [the] request by August 28, 2026, we will notify [Plaintiff] in writing."

25.  A true and correct copy of the correspondence is attached as Exhibit 6.

26.  IRS did not send any further correspondence to Plaintiff regarding this request.

27.  As of the date of this filing, Defendants have not issued a determination on Plaintiff's administrative appeal.

28.  As of the date of this filing, IRS has failed to make any responsive records promptly available to Plaintiff.

**COUNT I – IRS'S FOIA VIOLATION**

29.  Paragraphs 1-28 are incorporated by reference.

30.  Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

31.  Defendant IRS is a federal agency subject to FOIA.

32.  Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

33.  Defendant IRS has failed to conduct a reasonable search for records responsive to the request.

34.  Defendant IRS has failed to issue a determination within the statutory deadline.

35.  Defendant IRS has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

  i.    declare that Defendants have violated FOIA;

  ii.   order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

  iii.  enjoin Defendants from withholding non-exempt public records under FOIA;

  iv.   award Plaintiff attorneys' fees and costs; and

  v.    award such other relief the Court considers appropriate.

Dated: June 17, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
BLOOMBERG INDUSTRY GROUP

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com